FILED
United States Court of Appeals
Tenth Circuit

July 21, 2010

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

_____

GENE E. DUDLEY, SR.,

          Plaintiff - Appellant,

v.

NORTH CENTRAL REGIONAL
OFFICE; OFFICE OF GENERAL
COUNSEL; DIRECTOR McNALLEY;
CCM RACEY,

          Defendants - Appellees.

No. 10-3048

(D. Kansas)

(D.C. No. 2:09-CV-02027-JWL-DJW)

_____

**ORDER AND JUDGMENT**[*]

_____

Before **HARTZ**, **ANDERSON**, and **TYMKOVICH**, Circuit Judges.

_____

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist in the determination

of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

_____

[*]This order and judgment is not binding precedent except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

The appellant, Gene E. Dudley, Sr., a former federal prisoner proceeding *pro se*, appeals from several adverse decisions entered against him in a civil rights action he brought against two groups of defendants. The claims at issue arose out of events which took place while Mr. Dudley was participating in a federal residential reentry program known as the Kansas City Community Center ("KCCC"). The KCCC, a private facility under contract with the Bureau of Prisons, operates as a halfway house for prisoners reentering civilian life. Mr. Dudley claims that the defendants, collectively, wrongfully forced him to incur medical expenses at the KCCC and that they delayed the receipt of his legal mail and improperly hindered his efforts to exhaust his administrative remedies and file the necessary grievances.

The district court dismissed the private defendants (KCCC and Charles Megerman, the executive director of KCCC's residential programs) for lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2) and he granted summary judgment in favor of the federal defendants (the North Central Regional Office, the Office of General Counsel, Van Racy and Michael K. Nalley). It then denied Mr. Dudley's motion for reconsideration and his motion seeking a "Final Appealable Judgment." Mr. Dudley appeals all these rulings, which we affirm.[1]

---

[1]As an initial procedural matter, we grant Mr. Dudley's motion to supplement the record with materials from his "legal file" which we have received in hard copy.

The district court succinctly stated the facts relevant to the action against the private defendants, as follows:

Following his incarceration at a federal prison, plaintiff participated in a federal residential re-entry center program at [KCCC]. The program seeks to assist federal offenders with issues relating to their re-entry into society after imprisonment. The program is operated pursuant to a contract awarded to KCCC by the Federal Bureau of Prisons in 2007. In the contract, the Bureau of Prisons, as "contracting Officer," designated the North Central Regional Office in Kansas City, Kansas as the "Contracting Officer's Technical Representative," or "COTR." The North Central Regional Office works with KCCC as the designated representative. For example, the Bureau of Prisons provides funding to KCCC for the program, and the contract provides for payment to be made by the North Central Regional Office.

KCCC is a Missouri not-for-profit corporation, and all of its facilities are located in Missouri. Defendant Charles Megerman is the executive director of residential programs for KCCC. During the time plaintiff participated in the program, plaintiff resided at KCCC's facilities in Kansas City, Missouri. While placed at KCCC, he received medical, dental and optometry care from two Missouri healthcare facilities, Swope Parkway Health Care Services and Truman Medical Center. During this time at KCCC, he was employed by Dudley Does It All, located in Missouri. He was injured while working and when he informed KCCC staff of his pain from the injury, the staff allegedly informed him that KCCC policy required him to be transported by an ambulance for medical treatment. Plaintiff was taken by ambulance for treatment, and received medical care at facilities in Kansas City, Missouri.

Plaintiff asserts that he entered into an agreement with the Bureau of Prisons providing for continued medical coverage while participating in the program at KCCC and that federal law requires the free provision of such medical care. Plaintiff alleges that he personally incurred costs for the medical care he received while at KCCC, including the fee for ambulance transportation and costs associated with dental and optometry care. He claims that the imposition of such costs upon participants in re-entry programs

-3-

violates federal law, including the Second Chance Act of 2007, Pub. L. No. 110-199, 122Stat. 657 (2008). He filed a grievance with KCCC regarding such expenses and the grievance was allegedly reviewed and denied by the North Central Regional Office. He apparently appealed the denial of the grievance with no success. Plaintiff asserts that the Office of General Counsel for the Bureau of Prisons hindered or delayed his attempts to exhaust administrative remedies in regards to his grievance, and that the North Central Regional Office and Office of General Counsel for the Bureau of Prisons "created a sham and artifice" to make it appear that plaintiff had sufficiently exhausted his remedies under the FTCA, which they had in fact not been exhausted.

While participating in the program at KCCC, plaintiff received mail from the United States District Court for the Eastern District of Michigan regarding a separate lawsuit plaintiff had filed. The letter was received by the North Central Regional Office, forwarded to KCCC, and then given to plaintiff. Plaintiff alleges that the defendants delayed delivery of the mail and that he was harmed by the delay because the lawsuit was dismissed. In support of their motion, the defendants have submitted the affidavit of Kyle Mead, the Facility Director for KCCC's federal residential re-entry center program, explaining how mail is received by prior inmates who participate in the program at KCCC. Most mail sent to those participating in programs at KCCC is delivered directly to KCCC. However, any mail that is addressed to a participant's previous place of incarceration is sent to the North Central Regional Office, which then forwards it to KCCC.

9/8/09 Mem. & Order at 2-3.

The district court then addressed the private defendants' argument that Mr. Dudley's action against them must be dismissed for lack of personal jurisdiction, which Mr. Dudley was obligated to prove. The court concluded that "[r]esolving all doubts in plaintiff's favor, the Court concludes that plaintiff has not met his burden of making a prima facie showing that defendants are subject to the

-4-

jurisdiction of this court." Id. at 5. The district court's lengthy and thorough discussion clearly explained why there was no personal jurisdiction over the private defendants. We agree with its analysis. Accordingly, we affirm the district court's dismissal of these private defendants for substantially the same reasons as stated in the district court's memorandum and order. We turn now to its grant of summary judgment in favor of the remaining defendants (the federal defendants).

We again recite the facts, as succinctly stated by the district court regarding these federal defendants:

> Before transferring to KCCC's facilities, plaintiff signed an agreement with the Bureau of Prisons expressing his understanding that he would be expected to assume financial responsibility for his own health care during his time at KCCC. . . . Plaintiff alleges that he was wrongfully forced to incur costs for the medical care he received while at KCCC . . . [which he claims] violated federal law, including the Second Chance Act of 2007 . . . .

> While participating in the program at KCCC, plaintiff received mail from the United States District Court for the Eastern District of Michigan regarding a separate lawsuit plaintiff had filed, informing him of deficiencies needing to be corrected to avoid dismissal of the action. According to plaintiff, the letter was received by the North Central Regional Office, forwarded to KCCC, and then given to plaintiff. Plaintiff alleges that the defendants delayed delivery of the mail and that he was harmed by the delay because the lawsuit was dismissed as a result. Plaintiff filed a motion with the District Court for the Eastern District of Michigan requesting that it set aside its order dismissing the action, on the grounds that he had not received the letter until after the action had already been dismissed. However, the court concluded that the fault lay with plaintiff and denied his motion.

Plaintiff additionally contends that the Bureau of Prison's North Central Regional Office in Kansas City, Kansas and its Office of General Counsel in Washington D.C. hindered or delayed his attempts to exhaust administrative remedies in connection with a separately filed action in the United States District Court for the District of South Dakota regarding the Bureau of Prison's allegedly negligent treatment of injuries plaintiff received during an inmate softball game. . . .

Plaintiff also asserts that the NCRO and the Office of General Counsel in Washington, D.C. improperly rejected a grievance he filed, because the rejection did not explain the reason for denial of the grievance and additionally failed to contain a notice of receipt or response time. Plaintiff contends the failure of the NCRO or the Office of General Counsel to provide him a proper rejection constituted a denial of due process.

10/21/09 Mem. & Order at 3-5. The district court then recited the procedural history of this case, which involved Mr. Dudley's filing of an original, then an amended, complaint, following that up with a supplement, in all of which he compiled the issues he now asserts. After the court dismissed the action against the private defendants, as discussed above, the remaining (federal) defendants filed a motion to dismiss or, in the alternative, for summary judgment. Mr. Dudley moved the district court to set a scheduling conference, in response to which the federal defendants requested an order delaying the case on the grounds that a ruling on its motion (to dismiss or for summary judgment) would potentially dispose of the entire case. They also filed a motion opposing Mr. Dudley's motion to set a scheduling conference. The district court then addressed

all of these pending motions. The court noted that Mr. Dudley sought monetary, declarative and injunctive relief.

In its 35-page memorandum, the district court, again, carefully and thoroughly explained why each of Mr. Dudley's allegations was unavailing. On some matters, Mr. Dudley had failed to plead or state sufficient facts; on others, there was no available cause of action or Mr. Dudley failed to demonstrate the requisite exhaustion of issues; on yet others, his claims were moot; with respect to certain claims, he had failed to present sufficient, authenticated evidence to survive summary judgment; regarding other matters, he failed to demonstrate a genuine issue of material fact; on other issues, his action was barred by sovereign immunity; with respect to his claims for injunctive relief, Mr. Dudley failed to set forth sufficient facts to demonstrate a substantial likelihood of future injury; and other claims failed because Mr. Dudley failed to present evidence of direct and personal involvement in the alleged constitutional violation. We cannot improve on the district court's thoughtful and thorough explanation of its many rulings, including its explanation for its denial of Mr. Dudley's motion for reconsideration and his motion "Requesting a Final Appealable Judgment." Accordingly, for the foregoing reasons, we affirm the district court's orders and judgments of dismissal, for substantially the reasons stated therein.

We therefore AFFIRM the district court's orders and judgments of dismissal.

ENTERED FOR THE COURT

Stephen H. Anderson
Circuit Judge